IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERICK HALLICK,

Plaintiff,

v.

LAUREN KELLY,

Defendant.

OPINION and ORDER

25-cv-587-jdp

---

This declaratory-judgment action boils down to which party is entitled to a 10-percent interest in the holding company H Global LLC. The parties believe that the meaning of a federal statute, 11 U.S.C. § 349(b), will resolve their dispute. Plaintiff Erick Hallick moves for summary judgment, Dkt. 6 and Dkt. 17, but his motions are deficient in a critical respect: Hallick has not submitted evidence establishing subject-matter jurisdiction.

Hallick initially asserted that the court had federal-question jurisdiction over his declaratory-judgment "claim" under 28 U.S.C. § 1331. Dkt. 1. But the Declaratory Judgment Act is not an independent source of federal subject-matter jurisdiction. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 935 (7th Cir. 2008). Nor does the Act create an independent cause of action; instead, the availability of relief under the Act "presupposes the existence of a judicially remediable right." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960); *see Reiter v. Ill. Nat'l Cas. Co.*, 213 F.2d 946, 949 (7th Cir. 1954). The court ordered Hallick to show cause why the court has subject-matter jurisdiction over this case. Dkt. 28.

In his response to the court's show-cause order, Hallick now asserts that the court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1), which requires that a civil action be between citizens of different states and that the amount in controversy exceed $75,000.

Dkt. 29, at 1. Hallick also asks the court to allow him to amend his complaint to plead allegations related to jurisdiction, *id.*, and he filed a proposed amended complaint, Dkt. 31. The court will construe Hallick's request as a motion for leave to amend his complaint, and the court will grant the motion.

As for § 1332(a)(1)'s diversity requirement, in a declaration, Hallick avers that he was domiciled in Illinois when he filed this lawsuit. Dkt. 30, ¶ 4. Hallick also avers that defendant Lauren Kelly was domiciled in Wisconsin because "her permanent home and mailing address[es] were in Wisconsin" at the time of filing, and "Kelly admitted the Complaint's allegation that she resided in Wisconsin." *Id.*, ¶ 5. The problem is that a party's citizenship is what matters for purposes of subject-matter jurisdiction, not the party's residence. *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996). True, in her response to the court's show-cause order, Kelly states that she is a citizen of Wisconsin. Dkt. 32, at 1. But unsupported statements in briefs are not evidence, *United States v. Dixon*, 137 F.4th 592, 604 (7th Cir. 2025), and at the summary-judgment stage, the proponent of jurisdiction (here, Hallick) must prove jurisdiction with admissible evidence, *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). A stipulation between the parties laying out all the relevant facts about the citizenship of the parties would resolve this evidentiary deficiency. *See Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 134–35 (7th Cir. 1996). The parties may have until September 11, 2026, to file a stipulation; if the parties do not file a stipulation by that deadline, then the court will dismiss this case without prejudice for lack of subject-matter jurisdiction.

As for § 1332(a)(1)'s amount-in-controversy requirement, Hallick avers that Kelly originally acquired the 10-percent interest in H Global by purchasing ten Class B units of the company. Dkt. 30, ¶¶ 8–9. To support his averment, Hallick cites the pertinent "subscription

agreement" between H Global and Kelly, which set a purchase price of $2.75 million for the ten units. Dkt. 21, Ex. 2, at 1. In a declaratory-judgment action, the amount in controversy depends on the "value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). The object of the litigation may be valued by considering "what the plaintiff stands to gain, or what it would cost the defendant to meet the plaintiff's demand." *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799–800 (7th Cir. 2003). If Hallick is correct about the meaning of 11 U.S.C. § 349(b), then Kelly is not entitled to the 10-percent interest in H Global, for which she paid $2.75 million. That's more than sufficient to meet § 1332(a)(1)'s requirement that the amount in controversy exceed $75,000.

ORDER

IT IS ORDERED that:

1. Plaintiff Erick Hallick's request to amend his complaint to plead allegations related to jurisdiction, Dkt. 29, at 1, is construed as a motion for leave to amend his complaint, and the motion is GRANTED.

2. The parties may have until September 11, 2026, to file a stipulation laying out all the relevant facts about the citizenship of the parties; if the parties do not file a stipulation by that deadline, then the court will dismiss this case without prejudice for lack of subject-matter jurisdiction.

3. Hallick's motion for leave to file a sur-reply, Dkt. 33, is DENIED as unnecessary.

Entered September 9, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge