IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ERICK HALLICK,

Plaintiff,

v.

LAUREN KELLY,

Defendant.

OPINION and ORDER

25-cv-587-jdp

A federal statute, 11 U.S.C. § 349(b), provides that when a bankruptcy case is dismissed, some transfers of assets that occurred during those proceedings are vacated. Plaintiff Erick Hallick seeks a declaratory judgment that § 349(b) does *not* apply to an asset that he claims he owns.

This case arises from a dispute between Hallick and a non-party, Michael Hull. Hallick won a $13.625-million judgment against Hull in state court. Hallick intended to enforce the judgment by foreclosing on Hull's company, H Global LLC. Before Hallick could do so, Hull transferred a ten-percent interest in H Global to Lauren Kelly, his long-time assistant. Hull then declared bankruptcy. During the bankruptcy proceedings, Kelly agreed to transfer her ten-percent interest back to H Global, presumably clearing the way for Hallick to acquire 100 percent of H Global. But the bankruptcy court later dismissed Hull's bankruptcy case because Hull failed to meet his deadlines. Hallick acquired Hull's interest in H Global. But Kelly contends that the dismissal of the bankruptcy case vacated the transfer of her ten-percent interest.

This court has jurisdiction over this case on the basis of diversity under 28 U.S.C. § 1332(a)(1). In a declaration, Hallick avers that he was a citizen of Illinois at the time he filed

this lawsuit. Dkt. 30, ¶ 4. The parties' stipulation shows that Kelly was a citizen of Wisconsin at the time of filing. Dkt. 35, at 1. As for the amount in controversy, Hallick cites the "subscription agreement" between H Global and Kelly, which set a purchase price of $2.75 million for the ten Class B units of H Global. Dkt. 21, Ex. 2, at 1. In her answer to Hallick's amended complaint, Kelly admits that the purchase price was $2.75 million. Dkt. 36, at 2. But Kelly says that the *value* of the ten-percent interest was less than $2.75 million at the time of purchase. *See id.* In a declaratory-judgment action, the amount in controversy depends on the "object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977), which may be valued by considering "what it would cost the defendant to meet the plaintiff's demand," *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799–800 (7th Cir. 2003). If Hallick is correct about the meaning of 11 U.S.C. § 349(b), then Kelly is not entitled to the ten-percent interest in H Global, which was valued at $2.75 million. The amount in controversy is well over $75,000, so the court has jurisdiction under § 1332(a)(1).

Hallick moves for summary judgment on the issue of whether the dismissal of Hull's bankruptcy case vacated Kelly's transfer of her ten-percent interest back to H Global. Dkt. 6 and Dkt. 17. If so, Kelly owns the ten-percent interest; if not, Hallick is the owner. This would seem to be a question of law amenable to resolution on summary judgment.

The problem at this point is that Hallick purports to assert a declaratory-judgment "claim" in his amended complaint. Dkt. 31, at 6. But the Declaratory Judgment Act does not provide a cause of action. *Reiter v. Ill. Nat'l Cas. Co.*, 213 F.2d 946, 949 (7th Cir. 1954). Instead, the Act merely provides an additional remedy for a party to seek when asserting a substantive claim for relief. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950); *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). Declaratory relief "cannot be pursued without a predicate

right of action." *Alarm Detection Sys., Inc. v. Orland Fire Prot. Dist.*, 929 F.3d 865, 871 n.2 (7th Cir. 2019); *see City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878–79 (9th Cir. 2022) (per curiam) (citing cases). Hallick has not asserted a predicate right of action; he admits that he is bringing a "standalone claim for declaratory judgment." Dkt. 7, at 6; Dkt. 18, at 7. Without a proper cause of action, Hallick has not shown that he is entitled to a declaratory judgment, so the court will deny his motions for summary judgment.

That's not to say that summary judgment is forever off the table. In a previous order, this court suggested that a state-law conversion claim might fit this case. Dkt. 28, at 4. Conversion is the "intentional, unauthorized control of another's chattel so as to interfere with the owner's possessory rights," and it includes the taking of another's property without lawful authority. *Midwestern Helicopter, LLC v. Coolbaugh*, 2013 WI App 126, ¶ 9, 351 Wis. 2d 211, 839 N.W.2d 167; *see Hammetter v. Verisma Sys., Inc.*, 2021 WI App 53, ¶ 32, 399 Wis. 2d 211, 963 N.W.2d 874. There are two types of conversion claims that might apply here: the unwarranted assumption of ownership or the refusal to return property upon demand. *See Donovan v. Barkhausen Oil Co.*, 200 Wis. 194, 198, 227 N.W. 940, 942 (1929); Wis. Jury Instructions § 2200.1. Both claims turn on which individual is entitled to the disputed property, which is the key issue in this case.

Hallick may have until October 8, 2026, to file a renewed motion for summary judgment in which he asserts a state-law conversion claim or some other substantive claim for relief. If Hallick does not file a renewed motion for summary judgment by the deadline, then the court will dismiss the case on the ground that Hallick has not stated a claim for relief that this court could grant. Because the parties have already framed the central legal issue, the court will set an expedited briefing schedule for the renewed motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Erick Hallick's motions for summary judgment, Dkt. 6 and Dkt. 17, are DENIED.

2. Hallick may have until October 8, 2026, to file a renewed motion for summary judgment. The court will set the following schedule: Kelly may have until October 19, 2026, to respond, and Hallick may have until October 26, 2026, to reply.

Entered September 17, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge